UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

JOHNNY DARNELL WATERS,

Plaintiff,

v.   6:14-cv-10

GEORGIA DEPARTMENT OF JUVENILE JUSTICE, JEFFREY W. ALLIGOOD, and TIMOTHY L. STRICKLAND,

Defendants.

## ORDER

### I. INTRODUCTION

Johnny Darnell Waters brings this action against the Georgia Department of Juvenile Justice ("DJJ") and employees Jeffrey Alligood and Timothy L. Strickland for deprivation of Fourteenth Amendment rights and violation of the Georgia Whistleblower Act. ECF Nos. 1; 6. Defendants filed a Motion to Dismiss in lieu of answer. ECF No. 10. The Court determines that Waters has stated an adequate claim upon which relief may be granted and *DENIES* the motion. However, Defendants' argument that Waters failed to pursue available State remedies is not frivolous, and if warranted, the Defendants may raise it again in the Summary Judgment phase.

### II. DISCUSSION

#### A. Facts from the Complaints

The Court accepts the relevant facts from the Complaint, ECF No. 1, and the Amended Complaint, ECF No. 6, as true for the purpose of evaluating the Motion to Dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Waters worked for the DJJ from 2007 to February 7, 2012. ECF No. 6 at 3, 5. The DJJ suspended Waters in December but terminated him by letter on February 7. *Id.* at 4-5. The DJJ issued a press release regarding the allegations surrounding Waters's dismissal which was published in newspapers and online. *Id.* at 6. Waters never received notice of opportunity to clear his name. *Id.* at 5.

#### B. Standard of Review

Defendants move for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544. 570 (2007)).

#### C. Analysis

In relevant part, Alligood and Strickland argue that Waters cannot prevail on a procedural due process claim because the State did not "refuse[] to provide a process sufficient to remedy the procedural deprivation." ECF No. 10-1 at 7 (quoting *Cotton v. Jackson*, 216 F.3d 1328, 1330 (11th Cir. 2000)). Waters distinguishes *Cotton* from this case because the Defendants did not notify him of his right to request a hearing. ECF No. 13 at 8.

In *Cotton*, the Eleventh Circuit concluded that the availability of mandamus relief precluded recovery under a due process claim. *Cotton*, 216 F.3d at 1333. "[T]he state procedure need not provide all the relief available under section 1983." *Id.* at 1331. The "inquiry concerns whether

adequate procedures were available to Plaintiff to protect his right not to be deprived of his liberty interest in his reputation by state action without the opportunity for a name-clearing hearing." *Id.*

As the Complaint reads, the State did not provide an adequate remedy for Waters. Even if the mandamus process was available to Waters as suggested by *Cotton*, the case does not address whether the issuance of the press release violated due process rights. Here, Waters faced a long suspension before termination by letter. If the press release occurred immediately after termination—or even before—the DJJ would have done irreversible harm before Waters ever had the opportunity for a name-clearing hearing or mandamus review. *Cotton* is distinguishable here, and does not serve as a basis for dismissal.

All parties should note that *Cotton* challenged the availability of a state remedy at the summary judgment stage. This defense may still prove tenable, and the Court will entertain it given the proper set of discoverable facts.

As the Court refuses to dismiss the due process claim pursuant to 42 U.S.C. § 1983, the Court maintains supplemental jurisdiction over the Georgia Whistleblower Act claims. Likewise, the DJJ must answer to those allegations in spite of the fact that both parties agree the entity is not subject to suit pursuant to § 1983. ECF Nos. 10-1 at 3-4; 13 at 4-5.

## III. CONCLUSION

The Motion to Dismiss, ECF No. 10, is **DENIED**. The litigation shall move forward in this Court for all parties.

This 30 day of July 2014.

_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA